# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

INFODELI, LLC, et al.,     )
              )
    Plaintiffs,     )
              )
  v.          ) Case No. 4:15-CV-00364-BCW
              )
WESTERN ROBIDOUX, INC., et al.,  )
              )
    Defendants.    )

## ORDER

Before the Court are Defendants Engage Mobile Solutions, LLC's and Matthew Barksdale's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. #60) and Defendants Western Robidoux, Inc.'s, and Connie, Brian, Peter, and Cindy Burri's Motion to Dismiss Claim XII for Failure to State a Claim and Claims IV, V, VI, and VII for Lack of Jurisdiction (Doc. #61). The Court, being duly advised of the premises, grants in part and denies in part said motions.

## BACKGROUND

Plaintiffs InfoDeli, LLC and Breht C. Burri allege claims against Defendants Western Robidoux, Inc. ("WRI"), associated individuals Connie, Brian, Peter, and Cindy Burri ("Burri Defendants"), Engage Mobile Solutions, LLC ("Engage"), and Matthew Barksdale, stemming from the unauthorized use and duplication of InfoDeli's copyrighted property.

In pertinent part for purposes of this order, Plaintiffs assert the following claims: (I) copyright infringement against all defendants; (II) contributory copyright infringement against the Burri Defendants, Engage, and Barksdale; (III) violation of the Missouri Computer Tampering Act against WRI, Cindy Burri, Engage, and Barksdale; (IV) tortious interference with a contract and prospective economic advantage against the Burri Defendants, Engage, and

1

Barksdale; (V) fraud against the Burri Defendants; (VI) oppression of a minority shareholder against the Burri Defendants; (VII) breach of a joint venture agreement against WRI; (VIII) breach of the terms of use agreement against WRI; (IX) vicarious liability for copyright infringement against the Burri Defendants, Engage, and Barksdale; (X) violation of the Computer Fraud and Abuse Act against the Burri Defendants, Engage, and Barksdale; (XI) unfair competition against all defendants; and (XII) civil conspiracy against all defendants.

In the motions before the Court (Docs. #60 & #61), Defendants argue, to the extent that each claim is alleged against them, that the Court should not exercise supplemental jurisdiction over Plaintiffs' claims for tortious interference (IV), fraud (V), oppression of a minority shareholder (VI), and (VII) breach of the joint venture agreement. Defendants also argue that Plaintiffs have failed to state a claim upon which relief can be granted with respect to civil conspiracy (XII). The Court considers Defendants' arguments under Fed. R. Civ. P. 12(b)(1) and (b)(6).

### LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss "based on [the] court's lack of subject matter jurisdiction to hear the case." Satterlee v. United States, 432 F. Supp. 2d 941, 945 (W.D. Mo. 2006) (citing Missouri v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995)). The party asserting subject matter jurisdiction bears the burden to establish that federal jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, dismissal pursuant to Rule 12(b)(1) is appropriate if a plaintiff has failed to establish, on the face of the complaint "or on the factual truthfulness of its averments," that federal subject matter jurisdiction exists. Satterlee, 432 F. Supp. 2d 945.

Where a Rule 12(b)(1) motion presents a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true . . . ." Titus v. Sullivan, 4 F. 3d 590, 593 (8th Cir. 1993). However, when the motion presents a factual attack, the court may consider matters outside the pleadings and the nonmoving party "does not have the benefit of 12(b)(6) safeguards." Osborn v. United States, 918 F.2d 724, 720 n.6 (8th Cir. 1990).

Under Rule 12(b)(6), the non-moving party is entitled to the benefit of all reasonable factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's claim survives a Rule 12(b)(6) challenge as long as the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

## DISCUSSION

Plaintiffs allege this Court's original jurisdiction based on their claims for "copyright infringement, inducement of copyright infringement and vicarious copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a), and for violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*" (Doc. #45 at 2). Plaintiffs further allege this Court's supplemental jurisdiction "pursuant to 28 U.S.C. § 1367(a) because the other claims are closely related to Plaintiff's Federal claims, are part of the same case or controversy and derive from a common nucleus of operative fact." (Doc. #45 at 2).

Section 1367 governs this Court's exercise of supplemental jurisdiction: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is appropriate "whenever the federal-law and

state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

Even if supplemental jurisdiction exists under § 1367(a), subsection (c) provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if − (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Defendants argue that Plaintiffs allege two separate categories of claims in this case. The first category includes Plaintiffs' Counts I, II, III, IX, X, and XI ("the Software Claims"). These claims are not at issue for purposes of this Order.

The second category includes Plaintiffs' Counts IV, V, VI, VII, and VIII ("the Shareholder Claims").[1] These claims are those over which Plaintiffs assert the Court's supplemental jurisdiction. Defendants argue that the Shareholder Claims involve separate questions of law and operative fact and are not part of the same case or controversy as the Software Claims, such that the Court does not have supplemental jurisdiction under § 1367(a). Alternatively, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the Shareholder Claims under § 1367(c).

---

[1] Notably, Count XII for civil conspiracy is not easily categorized as either a Software or Shareholder Claim; Count XII is addressed separately.

**A. THE MOTIONS TO DISMISS (DOCS. #60 & #61) FOR LACK OF SUPPLEMENTAL JURISDICTION ARE GRANTED ON COUNTS V, VI, AND VII.**

As an initial matter, the Court notes that Plaintiffs' claim for tortious interference with a contract and prospective economic advantage (Count IV) was previously dismissed as preempted by the Copyright Act. Consequently, the motions to dismiss are denied as moot with respect to the tortious interference claim.

The Court thus considers whether it has supplemental jurisdiction over Plaintiffs' remaining state-law claims against the subject defendants for fraud (V), oppression of a minority shareholder (VI), and breach of the joint venture agreement (VII). This determination requires analysis of whether these three claims share a common nucleus of operative fact with the claims over which this Court has original jurisdiction. Because Plaintiffs' claims for fraud, oppression of a minority shareholder, and breach of the agreement involve similar underlying facts, the Court considers § 1367's application to each of these claims in a singular discussion.

This Court has supplemental jurisdiction over Plaintiffs' Counts V, VI, and VII if these state claims share a common nucleus of operative fact with the claims over which the Court has original jurisdiction. In this case, the Court has federal question jurisdiction by virtue of Plaintiffs' claims for violations of the Copyright Act and the Computer Fraud and Abuse Act ("CFAA"). Plaintiffs' copyright infringement claims will require them to show: (1) a valid copyright ownership; and "(2) copying of original elements of the copyrighted work." Warner Bros. Entm't, Inc. v. X One X Prods., 644 F.3d 584, 595 (8th Cir. 2011). The CFAA claim will require Plaintiffs to establish that Defendants intentionally and without authorization accessed and obtained information from a protected computer, resulting in loss. 18 U.S.C. § 1030(a)(2).

Plaintiffs' Counts V, VI, and VII are directed against WRI and the Burri Defendants. These state-law claims stem from the breakdown of the business relationship among Plaintiffs

and WRI. To the extent that Plaintiffs allege violation of federal statute against WRI and the Burri Defendants, Counts V, VI, and VII would ordinarily be heard in a singular judicial proceeding. OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (citing Gibbs, 383 U.S. at 725). Thus, the Court has supplemental jurisdiction over these claims under § 1367(a).

However, while Counts V, VI, and VII are alleged against WRI and the Burri Defendants only, these claims must be considered in the context of the rest of the case. Therefore, the Court considers the propriety of declining to exercise supplemental jurisdiction under § 1367(c).

First, Plaintiffs' claims for fraud, oppression of a minority shareholder, and breach of the joint venture agreement do not present novel or complex issues of Missouri law. Thus, § 1367(c)(1) does not present a basis upon which the Court may decline jurisdiction over Counts V, VI, and VII. Notwithstanding, the Court considers the remaining parts of subsection (c).

Next, with respect to § 1367(c)(2), it seems that Counts V, VI, and VII allege facts that are unrelated to the facts upon which Plaintiffs' Software Claims are predicated. Instead, Plaintiffs' Counts V, VI, and VII relate to Breht C. Burri's involvement with WRI. These claims relating to a few parties' business relationship would substantially predominate over the federal claims for which the Court has original jurisdiction.

Finally, § 1367(c)(4) provides that a court need not exercise supplemental jurisdiction "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." Furthermore, "[c]onsiderations of judicial economy, convenience, and fairness to the litigants should enter into the court's discretionary decision" of whether to exercise supplemental jurisdiction over a non-federal claim. Nixon v. Nat'l Labor Relations Bd., 559 F. Supp. 1265, 1269 (W.D. Mo. 1983).

In this case, the operative facts underlying Counts V, VI, and VII are not shared among all of the parties and/or claims at issue. Even if these claims could be said to arise from the same case or controversy among Plaintiffs, WRI, and the Burri Defendants, the same cannot be said for Plaintiffs' other claims asserted against the other Defendants in this case. Therefore, pursuant to § 1367(c), the Court declines to exercise supplemental authority over Counts V, VI, and VII. The motions to dismiss are granted with respect to Plaintiffs' claims for fraud (V), oppression of a minority shareholder (VI), and breach of the joint venture agreement (VII).

## B. PLAINTIFFS' COUNT XII FOR CIVIL CONSPIRACY IS SUFFICIENT AND THE MOTIONS TO DISMISS ARE DENIED ON THIS POINT.

Plaintiffs allege a claim for civil conspiracy in violation of Missouri law against all Defendants. Defendants WRI, the Burri Defendants, Engage, Barksdale, and Boehringer (Docs. #60, #61, #69, & #70) argue that Plaintiffs' Count XII for civil conspiracy is insufficient under Fed. R. Civ. P. 12(b)(6).

Defendants Engage, Barksdale, and Boehringer assert that the civil conspiracy claim is insufficient for two reasons. First, these Defendants argue that the civil conspiracy claim is an improper attempt by Plaintiffs to link their Software Claims to their Shareholder Claims against WRI and the Burri Defendants, when there otherwise would be no connection. Second, these Defendants argue that Plaintiffs have not adequately alleged a "meeting of the minds," such that Count XII is insufficient under Rule 12(b)(6). Defendants WRI, the Burri Defendants, and Boehringer also seek dismissal on the basis that Plaintiffs failed to allege a meeting of the minds.

In Missouri, a plaintiff seeking to establish a claim of civil conspiracy must show: (1) two or more persons; (2) acting with an unlawful objective; (3) after a meeting of the minds; (4) committed an act in furtherance of the conspiracy; and (5) damages resulted. W. Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 22 (Mo. 2012). Although a plaintiff must demonstrate these

elements to establish a civil conspiracy claim, the action is not an independent one; this claim requires an underlying tortious act. Id. Such act "is not limited to conduct that is criminally liable, but rather may include individuals associating for the purpose of causing or inducing a breach or business expectancy." Id. (citing Lyn-Flex W., Inc. v. Dieckhaus, 24 S.W.3d 693, 700-01 (Mo. Ct. App. 1999)).

Plaintiffs allege that Defendants "had an agreement or understanding amongst themselves" to engage in illegal and wrongful acts that resulted in damages. (Doc. #45 at 48). Even though the Court notes that Plaintiffs' Count XII is arguably a "formulaic recitation of the elements of a cause of action," Plaintiffs incorporated by reference all of their other allegations against Defendants. The Court concludes that at this stage, the complaint as a whole provides sufficient factual material to survive scrutiny under Rule 12(b)(6).

Moreover, with respect to the argument that the civil conspiracy claim cannot stand independently, "only one of the alleged conspirators must have committed the underlying tort." Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008). Therefore, Plaintiffs' Count XII against Defendants Engage and Barksdale is sufficient because Plaintiffs have plausibly alleged tortious conduct against at least one of these defendants' co-conspirators. Id. For these reasons, Plaintiffs Count XII for civil conspiracy survives the instant motions to dismiss. Accordingly, it is hereby

ORDERED Defendants Engage and Barksdale's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. #60) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Counts V, VI, and VII, and denied with respect to Counts IV and XII. It is further

ORDERED Defendants WRI and the Burri Defendants' Motion to Dismiss Claim XII, IV, V, VI, and VII (Doc. #61) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Counts V, VI, and VII, and denied with respect to Counts IV and XII. It is further

ORDERED the Court acknowledges Boehringer's joinder in these motions (Docs. #69 & #70). Boerhinger's motions to dismiss Count XII are likewise DENIED.

IT IS SO ORDERED.

DATE: <u>February 26, 2016</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT