Tortious Interference Packet – Redline with Objection

INSTRUCTION \_\_\_\_\_

Instructions \_\_\_\_\_ through _____ and general instructions 1 through \_\_\_\_\_ apply to the claim of Plaintiffs for tortious interference. Use Verdict B to return your verdict on this claim.

M.A.I. 2.05 (Modified)
Submitted by Plaintiffs

INSTRUCTION _____

In order to prove the Defendants conspired with each other, thereby creating joint liability for all co-conspirators for violation of Plaintiffs' rights, the Plaintiffs must prove:

First, two or more of the Defendants;

Second, with an objective that violates one or more of Plaintiffs' rights;

Third, reached an agreement, actual or implied, to violate one or more of
Plaintiffs' rights;

Fourth, committed at least one act in furtherance of the conspiracy; and

Fifth, Plaintiffs suffered damages as a result.

*Holmes v. Slay,* 895 f.3D 993, 1001 (8TH Cir. 2018); *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7 (Mo. 2012).

INSTRUCTION \_\_\_\_\_

The elements of a conspiracy are rarely established through direct evidence and may be proved through circumstantial evidence. It is not necessary for the Plaintiffs to show that each participant knew the exact limits of the plan or that a co-conspirator approved of or participated in a co-conspirator's specific actions in furtherance of the conspiracy. It is enough that the co-conspirator understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do his or her part in furtherance of them.

*Holmes v. Slay,* 895 F.3d 993, 1001 (8th Cir. 2018)
Submitted by Plaintiffs

INSTRUCTION _____

If you find in favor of Plaintiffs on the issues for tortious interference and if you believe that the conduct of one or more of the Defendants as submitted in Instruction No.\_\_\_\_\_ was outrageous because of one or more of the Defendants' evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiffs entitled under Instruction No. \_\_\_\_\_, you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant or Defendants and to deter Defendant or Defendants and others from like conduct.

M.A.I. 10.01 (1990 Revision)
Submitted by Plaintiffs

INSTRUCTION _____
TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

Your verdict must be in favor of Plaintiffs and against one or more of the Defendants Connie Burri, Brian Burri, Cindy Burri, and Peter Burri on Plaintiffs' claim for tortious interference if you believe:

> First, Plaintiffs had a contractual relationship or valid business expectancy to continue working with one or more of Western Robidoux, Inc., Boehringer Ingelheim Vetmedica, Inc., or Ceva Animal Health, LLC; and

> Second, Defendants were aware of Plaintiffs' contract or expectancies in paragraph First; and

> Third, Defendants, individually or acting together, interfered with Plaintiffs' contract or expectations in paragraph First; and

> Fourth, Defendants were not justified in the manner in which they interfered with the contract or expectations in paragraph First; and

> Fifth, Plaintiff suffered damages as a result.

Additionally, you must find in favor of Plaintiffs and against Defendants BIVI and CEVA on Plaintiffs' claim for conspiracy to tortiously interfere with Plaintiffs' contract or business expectancy if you believe:

> Sixth, one or more of the Defendants tortiously interfered with Plaintiffs' contract or business expectancies as set forth in paragraphs first through fifth;

> Seventh, Defendants BIVI or CEVA or both, reached an agreement or came to an understanding with one or more of the Defendants above to engage in conduct, in whole or in part, that violated the Missouri Computer Tampering Act as set forth in paragraphs First through Fifth; and

Eighth, Defendants BIVI or CEVA voluntarily and intentionally joined in the

    agreement or understanding to the commit the acts in paragraph Seventh;

    and

Ninth, at the time BIVI or CEVA joined in the agreement or understanding to

    commit the acts in paragraph Seventh, they knew the purpose of the

    agreement or understanding.

*Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1017 (8th Cir. 2008);
*Western Blue Print Co., LLC. V. Roberts*, 367 S.W.3d 7 (Mo. 2012).
Submitted by Plaintiffs

VERDICT B

*Note: Complete this form by writing in the names required by your verdict.*

On the claim of Plaintiffs for tortious interference against Defendants BIVI, CEVA, Connie Burri, Cindy Burri, Peter Burri and Brian Burri as submitted in Instruction No. _____, we find in favor of:

_____     _____
(Plaintiffs)                    or     (Defendant BIVI)


_____     _____
(Plaintiffs)                    or     (Defendant CEVA)


_____     _____
(Plaintiffs)                    or     (Defendant Connie Burri)


_____     _____
(Plaintiffs)                    or     (Defendant Cindy Burri)


_____     _____
(Plaintiffs)                    or     (Defendant Peter Burri)


_____     _____
(Plaintiffs)                    or     (Defendant Brian Burri)


*Note: Complete the following paragraphs only if one or more of the above findings is in favor of the Plaintiffs.*

We find Plaintiffs, InfoDeli's and Breht Burri's, compensatory damages to be:

$_____(*stating the amount*).

NOTE: If you find in favor of Plaintiffs and against one or more of the Defendants, complete the following paragraph by writing the words required by your verdict.

We find that Defendant BIVI _____ liable for punitive damages.
                         (is   or   is not)

We find that Defendant CEVA _____ liable for punitive damages.
                         (is   or   is not)

We find that Defendant Connie Burri _____ liable for punitive damages.
                         (is   or   is not)

We find that Defendant Cindy Burri _____ liable for punitive damages.
                         (is   or   is not)

We find that Defendant Peter Burri _____ liable for punitive damages.
                         (is   or   is not)

We find that Defendant Brian Burri _____ liable for punitive damages.
                         (is   or   is not)

_____
Foreperson

M.A.I. 36.11 and 8th Circuit Model Instruction for District Courts 4.80, One Plaintiff, Multiple Defendants, One Injury (Modified) (1980 Revision)

> **Commented [BS1]:** Defendants object to all proposed instructions on tortious interference, and to all proposed instructions regarding any conspiracy based on tortious interference, because the claim of tortious interference is no longer in the case as to any defendant.
>
> *See generally Dueker v. Gill*, 175 S.W.3d 662, 673 (Mo. Ct. App. 2005) (conspiracy serves only to hold co-conspirators jointly and severally liable for the underlying claim and, where the underlying claim that serves as an element of the civil conspiracy fails as a matter of law, then so does the civil conspiracy claim); *Stegeman v. First Missouri Bank of Gasconade County*, 722 S.W.2d 349, 354 (Mo. Ct. App. 1987) ("there can be no conspiracy to commit a tort unless the tort itself was committed"). *See, e.g., Williams v. Bayer Corp.*, 541 S.W.3d 594, 612 (Mo. Ct. App. 2017) (instructing that civil conspiracy claim based on wrongdoing alleged in all other counts of petition could proceed only as to the claims not found preempted).
>
> Defendants reserve the right to submit additional objections and alternative instructions to this packet should the Court reverse its prior rulings dismissing and/or entering judgment in favor of Defendants on the tortious interference claim(s).

> **Commented [PM2R1]:** Plaintiffs obviously disagree that the tortious interference claim was dismissed – there was no request for dismissal based on preemption and the order dismissing claims against Engage and Barksdale does not mention the Burri Defendants. This also violates the Burri Defendants' fiduciary duties to WRI and should be withdrawn by them on that basis.