# INSTRUCTION NO. ____

Members of the jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the courtroom deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

The Plaintiffs in this case are Breht Burri and his wholly owned company, InfoDeli LLC. The Defendants are Plaintiff Breht Burri's family's business, Western Robidoux, Inc. (referred to as WRI), and his immediate family members, Brian and Peter Burri, his two younger brothers, and Cindy Burri, Brian's wife. Additional defendants are Engage Mobile, LLC, along with Boehringer Ingelheim Vetmedica, Inc. (referred to as BIVI or BI), and Ceva Animal Health, LLC (referred to as Ceva), and Ceva manager Shane Fairchild.

Plaintiffs claim that some or all of the Defendants violated the Missouri Computer Tampering Act by, among other things, sharing passwords to Plaintiffs' software with Engage Mobile, who then knowingly accessed Plaintiffs' software,

and downloaded data compilations and images from the Plaintiffs' software. Plaintiffs further claim that Defendants WRI, BIVI, and Ceva breached the Terms of Use contract for Plaintiffs' software. The Terms of Use prohibit copying, reverse engineering, replication, downloading files or otherwise exploiting the software to recreate its functionality.

WRI claims counterdefendants Breht Burri and InfoDeli intentionally and wrongfully interfered with WRI's contracts and business relationships with Ceva and BIVI and that such interference caused damage to WRI.

Ceva alleges that it owned and had the right to possession of various data submitted by pet owners, clinics, and others as part of a rebate program administered by WRI related to Ceva's Vectra flea and tick prevention product for pets. Ceva alleges that counterdefendants Breht Burri and InfoDeli improperly failed and refused to return all of this Vectra rebate program data following Ceva's request.

It will be your duty to decide from the evidence what party is entitled to your verdict(s) on their claims, counterclaims and defenses.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my

instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think your verdict should be.

## INSTRUCTION NO. __2__

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence. Lawyers have a right — and sometimes a duty — to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to

consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to the direct and circumstantial evidence.

## INSTRUCTION NO. 3

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

# INSTRUCTION NO. 4

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your seat in the courtroom.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

# INSTRUCTION NO. 5

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit or avoid at all reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an

oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

# INSTRUCTION NO. _6_

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement. Next, the defendants' lawyers may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendants may present evidence of their defenses and counterclaims, and the Plaintiffs' lawyer will have a chance to cross-examine their witnesses, present evidence of their defenses to Defendants' counterclaims, and offer rebuttal evidence.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements closing arguments are not evidence. Before the closing arguments, I will instruct your further on the law. After the lawyers' arguments and after the court's instructions, you will go to the jury room to deliberate and decide on your verdict.

**INSTRUCTION NO. 7**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**INSTRUCTION NO. _8_**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts show by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

**INSTRUCTION NO. _9_**

Testimony has been presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony offered was electronically video recorded and was played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

**INSTRUCTION NO.** _10_

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

# INSTRUCTION NO. 11

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 12

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

There is a different burden of proof that applies only to Plaintiffs' claims for conspiracy and to Counterclaim Plaintiff WRI's claim for punitive damages. Plaintiffs' claim for civil conspiracy must be proved by "clear and convincing evidence." Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain. Counterclaim Plaintiff WRI seeks to recover punitive damages and also has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover punitive damages.

# INSTRUCTION 13

There are four claims submitted to you by Plaintiffs and each of them contains a separate verdict form. There are two counterclaims submitted to you by Counterclaim Plaintiffs. The verdict forms included in these instructions contain directions for completion and will allow you to return the permissible verdicts in this case. All jurors must agree in order to return any verdict. Your verdict must be signed by the foreperson on behalf of all jurors.

# INSTRUCTION 14

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all other evidence in this case.

# INSTRUCTION 15

Instructions _15_ through _22_ and general instructions 1 through _14_ apply to the claims of Plaintiff InfoDeli against Defendants WRI and BIVI for breach of the Terms of Use. Use Verdict A-1 and A-2 to return your verdicts on this claim.

# INSTRUCTION NO. 16

The Court has construed the meaning of certain words or phrases in the Terms of Use as a matter of law. You must use the following definitions and constructions in your deliberations regarding the Breach of Terms of Use claim:

The term "**reverse engineer**" means "to discover how an invention works by inspecting it and studying it, especially by taking it apart in order to learn how it works and how to copy it and improve it."

The term "**copy**" means "to make a copy or duplicate of."

The term "**download**" means "to transfer (data, files, etc.) from one location (such as a large computer or the cloud) to another (such as a smaller computer, smartphone, or storage device)."

The term "**reproduce**" means "to produce again."

The term "**distribute**" means "to divide among several or many."

The term "**duplicate**" means "to copy exactly."

The term "**functionality**" means "the set of functions or capabilities associated with computer software or hardware or an electronic device."

The term "**exploit**" means "to make productive use of; to make use of meanly or unfairly for one's own advantage."

# INSTRUCTION NO. 17

Acts of Jill Williams, Deanna Greiner and/or Marcy Scott were within the "scope and course of agency" as that phrase is used in these instructions if:

First, the conduct of Jill Williams, Deanna Greiner and/or Marcy Scott was such that an ordinarily careful person would believe that Jill Williams, Deanna Greiner and/or Marcy Scott had authority to perform such acts on behalf of WRI;

Second, WRI knew or had reason to know of such conduct and allowed such conduct, and

Third, InfoDeli reasonably relied on such conduct of Jill Williams, Deanna Greiner, and/or Marcy Scott at the time of the transaction mentioned in the evidence.

# INSTRUCTION 18

Your verdict must be for Plaintiff InfoDeli and against Defendant WRI on the claim for breach of the Terms of Use if you believe:

First, InfoDeli and Defendant WRI entered into an agreement whereby

    (a) InfoDeli agreed to provide user access to the BIVI Literature Store and Ceva Literature Store and Defendant WRI agreed that

        "Users agree not to reverse engineer, copy, download, reproduce, distribute, duplicate functionality, create derivative works or adaptations of, publicly display or in any way exploit any part of the InfoDeli platform, software, or content in whole or in part except as expressly authorized in writing by InfoDeli;" and

    (b) Defendant WRI, through its employees acting within the scope and course of agency for Defendant WRI to enter into contracts on behalf of WRI, accepted InfoDeli's offer; and

Second, InfoDeli performed all of its obligations under the agreement;

Third, by actions taken by Defendant WRI after March 11, 2014, Defendant WRI failed to perform Defendant's agreement, and

Fourth, InfoDeli was thereby damaged by Defendant WRI.

# INSTRUCTION NO. 19

Acts of Annie Elliot Gilmore and Jodi Hovden-Huff were within the "scope and course of agency" as that phrase is used in these instructions if:

First, the conduct of Annie Elliot Gilmore and Jodi Hovden-Huff was such that an ordinarily careful person would believe that Annie Elliot Gilmore and Jodi Hovden-Huff had authority to perform such acts on behalf of BIVI

Second, BIVI knew or had reason to know of such conduct and allowed such conduct, and

Third, InfoDeli reasonably relied on such conduct of Annie Elliot Gilmore and Jodi Hovden-Huff at the time of the transaction mentioned in the evidence.

# INSTRUCTION 20

Your verdict must be for Plaintiff InfoDeli and against Defendant BIVI on the claim for breach of the Terms of Use if you believe:

First, InfoDeli and Defendant BIVI entered into an agreement whereby

    (a) InfoDeli agreed to provide user access to the BIVI Literature Store and Defendant BIVI agreed that

        "Users agree not to reverse engineer, copy, download, reproduce, distribute, duplicate functionality, create derivative works or adaptations of, publicly display or in any way exploit any part of the InfoDeli platform, software, or content in whole or in part except as expressly authorized in writing by InfoDeli;" and

    (b) Defendant BIVI, through its employees acting within the scope and course of agency for Defendant BIVI to enter into contracts on behalf of BIVI, accepted InfoDeli's offer; and

Second, InfoDeli performed all of its obligations under the agreement;

Third, by actions taken by Defendant BIVI after March 11, 2014, Defendant BIVI failed to perform Defendant's agreement, and

Fourth, InfoDeli was thereby damaged by Defendant BIVI.

## INSTRUCTION  21

   If you find in favor of InfoDeli on any claim, then you must award InfoDeli such sum as you believe will fairly and justly compensate plaintiff for any damages you believe InfoDeli sustained as a direct result of the occurrence mentioned in the evidence. If you find that InfoDeli failed to mitigate damages as submitted in Instruction  22 , in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

# INSTRUCTION 22

If you find in favor of InfoDeli on any of InfoDeli's claims, you must find that InfoDeli failed to mitigate damages if you believe:

*First*, InfoDeli failed to seek other customers for their website services; and,

*Second*, InfoDeli thereby failed to use ordinary care; and,

*Third*, InfoDeli thereby sustained damage that would not have occurred otherwise.

The phrase "ordinary care" as used in this instruction means the degree of care that an ordinarily careful person would use under the same or similar circumstances.

## INSTRUCTION 23

Instructions 23 through 25 and general instructions 1 through 14 apply to the claims of Plaintiff InfoDeli against Defendants WRI, BIVI, and CEVA for conspiracy to violate of the Terms of Use. Use Verdicts B-1 and B-2 to return your verdicts on this claim.

# INSTRUCTION 24

If you found in favor of InfoDeli on its claim for breach of the Terms of Use against WRI pursuant to Instruction 18, your verdict must be for InfoDeli on its claim against WRI, BIVI, and/or CEVA for conspiracy to breach the Terms of Use if you believe:

First, that the Defendant at issue had a meeting of the minds with at least WRI for breach of the Terms of Use;

Second, the meeting of the minds was for an unlawful objective that violated the Terms of Use;

Third, the conspirators committed at least one act in furtherance of the conspiracy to violate the Terms of Use; and

Fourth, InfoDeli was thereby damaged.

Use Verdict B-1 to return your verdict on this claim.

# INSTRUCTION _25_

If you found in favor of InfoDeli on its claim for breach of the Terms of Use against BIVI pursuant to Instruction _20_, your verdict must be for InfoDeli on its claim against WRI, BIVI, and/or CEVA for conspiracy to breach the Terms of Use if you believe:

First, that the Defendant at issue had a meeting of the minds with at least BIVI for breach of the Terms of Use;

Second, the meeting of the minds was for an unlawful objective that violated the Terms of Use;

Third, the conspirators committed at least one act in furtherance of the conspiracy to violate the Terms of Use; and

Fourth, InfoDeli was thereby damaged.

Use Verdict B-2 to return your verdict on this claim.

## INSTRUCTION 26

Instructions 26 through 29 and general instructions 1 through 14 apply to the claims of Plaintiff InfoDeli for tampering with computer data in violation of the Missouri Computer Tampering Act. Use Verdict Forms C-1 and C-2 to return your verdicts on these claims.

# INSTRUCTION 27

Your verdict must be for Plaintiff Infodeli and against Defendant WRI if you believe:

First, Plaintiff InfoDeli owned the BIVI Literature Store, the Ceva Literature Store, and Vectrarebate.com; and

Second, Defendant WRI:

(1) by downloading data and placing orders on the CEVA and BIVI literature stores and later deleting them Defendant WRI modified or destroyed data residing or existing internal to the BIVI Literature Store and the Ceva Literature Store; and

(2) by deleting part of the Vectrarebate data on the Engage Mobile backup of the Vecrarebate database; and disclosing and taking data compilations for the BIVI and CEVA literature stores that resided in the Filemaker modules at WRI, and the image files for CEVA and BIVI located in Plaintiff InfoDeli's Amazon web services servers, Defendant WRI disclosed and took data residing or existing internal to the BIVI Literature Store, CEVA Literature Store, and vectrarebate.com; and

(3) by Cindy Burri giving her login credentials for the BIVI Literature Store and CEVA Literature Store to Nathan Haley and Elizabeth Corbin and by Brian Burri giving login credentials for the ODBC connection to Nathan Haley disclosed

passwords intended to control access to the BIVI Literature Store, the CEVA Literature Store, and vecrtrarebate.com; and

(4) received, used, and retained Vectrarebate data compilations, image files, and Filemaker data compilations used in the back end of the InfoDeli software platforms that WRI knew or believed were obtained in violation of subparagraphs (1)-(3) above; and

Third, Defendant WRI did so knowingly and without authorization or without reasonable grounds to believe it had such authorization, and

Fourth, Plaintiffs were thereby damaged.

# INSTRUCTION _28_

Your verdict must be for Plaintiff Infodeli and against Defendant Engage Mobile, if you believe:

First, Plaintiff InfoDeli owned the BIVI Literature Store, the Ceva Literature Store, and Vectrarebate.com; and

Second, Defendant Engage Mobile:

(1) by downloading data and placing orders on the CEVA and BIVI literature stores and later deleting them Defendant Engage Mobile modified or destroyed data residing or existing internal to the BIVI Literature Store and the Ceva Literature Store; and

(2) by deleting part of the Vectrarebate data on the Engage Mobile backup of the Vecrarebate database; and disclosing and taking data compilations for the BIVI and CEVA literature stores that resided in the Filemaker modules at WRI, and the image files for CEVA and BIVI located in Plaintiff InfoDeli's Amazon web services servers, Defendant Engage disclosed and took data residing or existing internal to the BIVI Literature Store, CEVA Literature Store, and vectrarebate.com; and

(3) by Cindy Burri giving her login credentials for the BIVI Literature Store and CEVA Literature Store to Nathan Haley and Elizabeth Corbin and by Brian Burri giving login credentials for the ODBC connection to Nathan Haley disclosed

passwords intended to control access to the BIVI Literature Store, the CEVA Literature Store, and vecrtrarebate.com; and

(4) received, used, and retained Vectrarebate data compilations, image files, and Filemaker data compilations used in the back end of the InfoDeli software platforms that Engage Mobile knew or believed were obtained in violation of subparagraphs (1)-(3) above; and

Third, Defendant Engage Mobile did so knowingly and without authorization or without reasonable grounds to believe it had such authorization, and

Fourth, Plaintiffs were thereby damaged.

## INSTRUCTION _29_

If you find in favor of InfoDeli on any claim set forth in Instructions _27_ and _28_ , then you must award InfoDeli such sum as you believe will fairly and justly compensate plaintiff for any actual damages you believe InfoDeli sustained as a direct result of the conduct of the defendant as submitted in that claim.

You must not base an award of damages or the amount of an award of damages on speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**INSTRUCTION 30**

Instructions 30 through 32 and general instructions 1 through 14 apply to Plaintiffs' claim for conspiracy to tamper with computer data in violation of Missouri's Computer Tampering Act. Use Verdicts D-1 and D-2 to return your verdict on this claim.

**INSTRUCTION 31**

If you found in favor of InfoDeli for violation of the Missouri Computer Tampering Act pursuant to Instruction **27**, your verdict must be for InfoDeli on its claim against WRI, BIVI, Ceva, and/or Engage Mobile for conspiracy to violate the Missouri Computer Tampering Act if you believe:

First, that the Defendant at issue had a meeting of the minds with at least Defendant WRI for violation of the Missouri Computer Tampering Act under Instruction **27**;

Second, the meeting of the minds was for an unlawful objective that violates the Missouri Computer Tampering Act;

Third, the conspirators committed at least one act in furtherance of the conspiracy to violate the Missouri Computer Tampering Act; and

Fourth, InfoDeli was thereby damaged.

Use Verdict D-1 to return your verdict on this claim.

## INSTRUCTION 32

If you found in favor of InfoDeli for violation of the Missouri Computer Tampering Act pursuant to Instruction 28, your verdict must be for InfoDeli on its claim against WRI, BIVI, Ceva, and/or Engage Mobile for conspiracy to violate the Missouri Computer Tampering Act if you believe:

First, that the Defendant at issue had a meeting of the minds with at least Defendant Engage Mobile for violation of the Missouri Computer Tampering Act under Instruction 28;

Second, the meeting of the minds was for an unlawful objective that violates the Missouri Computer Tampering Act;

Third, the conspirators committed at least one act in furtherance of the conspiracy to violate the Missouri Computer Tampering Act; and

Fourth, InfoDeli was thereby damaged.

Use Verdict D-2 to return your verdict on this claim.

## INSTRUCTION  33

Instructions  33  through  37  and general instructions 1 through  14  apply to WRI's counterclaim for tortious interference against Breht Burri and/or InfoDeli. Use Verdict Form E-1 and E-2 to return your verdicts on this claim.

# INSTRUCTION NO. 34

Your verdict must be for WRI on its counterclaim for tortious interference if you believe:

First, a contract or business expectancy existed between WRI and Ceva and/or WRI and BIVI for the pulling, packaging, and shipping of fulfillment orders, and

Second, Breht Burri and/or InfoDeli caused WRI to breach that contract or business expectancy by placing the "Terms of Use" and "Privacy Policy" on the login page of the fulfillment platforms and/or otherwise delaying the processing of orders, and

Third, Breht Burri and/or InfoDeli did so intentionally and without justification or excuse, and

Fourth, WRI was thereby damaged.

**INSTRUCTION NO. 35**

If you find in favor of WRI on the claim set forth in Instruction 34, then you must award WRI such sum as you believe will fairly and justly compensate WRI for any damages you believe WRI sustained as a direct result of the conduct of Breht Burri and/or InfoDeli as submitted in Instruction 34

## INSTRUCTION NO. 36

If you find in favor of WRI on the claim set forth in Instruction No. 34 , and if you believe the conduct of Breht Burri as submitted in Instruction No. 34 was outrageous because of Breht Burri's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find WRI entitled under Instruction No. 35 , you may award WRI an additional amount as punitive damages in such sum as you believe will serve to punish Breht Burri and to deter Breht Burri and others from like conduct.

You may consider harm to others in determining whether Breht Burri's conduct was outrageous. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

If punitive damages are assessed against more than one party, the amounts assessed against such party may be the same or they may be different.

**INSTRUCTION NO.  37**

If you find in favor of WRI on the claim set forth in Instruction No. 34 , and if you believe the conduct of InfoDeli as submitted in Instruction No. 34 was outrageous because of InfoDeli's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find WRI entitled under Instruction No. 35 , you may award WRI an additional amount as punitive damages in such sum as you believe will serve to punish InfoDeli and to deter InfoDeli and others from like conduct.

You may consider harm to others in determining whether InfoDeli's conduct was outrageous. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

If punitive damages are assessed against more than one party, the amounts assessed against such party may be the same or they may be different.

## INSTRUCTION NO. 38

Instructions 38 through 40 and general instructions 1 through 14 apply to Ceva's counterclaim for conversion. Use Verdict F to return your verdict on this claim.

# INSTRUCTION NO. 39

Your verdict on Counterclaim Plaintiff Ceva's counterclaim for conversion must be for Counterclaim Plaintiff Ceva if you believe:

*First*, Counterclaim Plaintiff Ceva was entitled to possession of the information submitted by consumers from March 25 – April 1, 2014 in connection with Ceva's Vectra Rebate Marketing program (the "Vectra Rebate Information") because Ceva owned the Vectra Rebate Information; and

*Second*, Counterclaim Defendants InfoDeli and Breht Burri had possession of that Vectra Rebate Information; and

*Third*, Counterclaim Plaintiff Ceva made a demand to Counterclaim Defendants InfoDeli and Breht Burri for possession of that Vectra Rebate Information; and

*Fourth*, thereafter Counterclaim Defendants InfoDeli and Breht Burri intentionally failed to return possession of the Vectra Rebate Information to Counterclaim Plaintiff Ceva.

Use Verdict F to return your verdict on this claim.

**INSTRUCTION NO. 40**

If you find in favor of Counterclaim Plaintiff Ceva on its counterclaim for conversion then you must award Counterclaim Plaintiff Ceva such sum as you believe will fairly and justly compensate Counterclaim Plaintiff Ceva for any damages you believe Counterclaim Plaintiff Ceva sustained as a direct result of the occurrences mentioned in the evidence. Use Verdict F to return your verdict on this claim.

# INSTRUCTION NO. 41

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or of you. Give the note to the Courtroom Deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the Courtroom Deputy that you are ready to return to the courtroom.